UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  1:15-CR |
| ) | |
| JARED FOGLE, ) | 1:15-cr-0159 TWP -MJD |
| ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney charges that:

### General Allegations for All Counts

At times material to these charges:

### Definitions

1. The term "minor" was defined as a person under the age of 18 years. 18 U.S.C. § 2256(1).

2. The term "sexually explicit conduct" was defined to include actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) masturbation; or (c) lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256.

1

3. The term "visual depiction" was defined as to include undeveloped film and videotape, data stored on computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

### Defendant JARED FOGLE

4. The Defendant, JARED FOGLE, was a resident of the Southern District of Indiana. The Defendant regularly used Internet email accounts, social networking websites containing advertisements for services, online messaging services, and text messaging. All of these activities used facilities of interstate or foreign commerce.

5. The Defendant would travel frequently from Indiana to other states or countries for business purposes or personal vacations.

6. The Defendant was the organizer of a charitable foundation in Indiana, which held events there and in other states. He was also a spokesperson for a business having multiple worldwide retail locations, which he frequently visited for marketing purposes.

### Co-Conspirator Russell Taylor

7. Russell Taylor ("Taylor") was a resident of the Southern District of Indiana, who worked for the charitable foundation organized by the Defendant.

Taylor was also the Defendant's close personal friend and they communicated on a daily basis through direct discussions, text messages, and emails.

8. Taylor frequently accompanied the Defendant on various business trips in the United States and other countries.

9. Taylor was paid a salary by the charitable foundation.

**Minor Victims 1 through 12**

10. The pseudonyms "Minor Victim 1" through "Minor Victim 12" represent minor girls and boys, who lived in the Southern District of Indiana.

11. Between in or about March 2011 and on or about January 30, 2015, Taylor used "Minor Victim 1" through "Minor Victim 12" to engage in sexually explicit conduct for the purpose of secretly producing visual depictions of such conduct. This included multiple video and image files. These images and videos included a lascivious exhibition of the genitals or pubic area of the minors, while some material also included other sexually explicit conduct depending upon the minors involved and precise content.

12. "Minor Victim 1" through "Minor Victim 12" did not know that they were being secretly filmed in Taylor's current and former residences. Rather, the images or videos were produced using multiple hidden cameras concealed in clock radios positioned so that they would capture the minors changing clothes, showering, bathing, or engaging in other activities. Taylor distributed some of these sexually explicit images and videos of minors to other persons.

13. On multiple occasions between in or about March 2011 and on or about April 29, 2015, the Defendant received from Taylor images and videos of nude or partially clothed minors engaging in sexually explicit conduct. The Defendant knew that the minors depicted in these images or videos were under the age of 18 years, including minors as young as approximately 13-14 years.

14. The Defendant knew of Taylor's relationship or association with some of the minors, including in some instances, their actual names, and where they lived. In some cases, the Defendant met the minors during social events in Indiana.

15. The Defendant and Taylor discussed among themselves that Taylor was secretly producing nude images and videos of minors in Taylor's current and former residences in the Southern District of Indiana. In some of these conversations, the Defendant made comments approving of this activity and discussed some of these minors by name.

16. The Defendant chose to benefit from production of the nude images and videos by obtaining access to a significant amount of such material over the time period set forth in Paragraph 13, above. However, the Defendant did not obtain access to all of the material Taylor produced. If the Defendant had promptly reported to law enforcement what he knew of these activities, then the sexually explicit material involving later victims would not have been produced.

### Commercial Child Pornography

17. Through Internet file distribution sources, Taylor obtained and provided the Defendant with other visual depictions of minors engaging in sexually explicit conduct. This child pornography was commercially made by other persons.

18. The presently unidentified minors in these images and videos were as young as approximately six years of age and they were engaged in sexually explicit conduct. The material was produced outside the United States and has been seen in other previous investigations unrelated to the Defendant and Taylor.

### Child Pornography Exchanges by Taylor and the Defendant

19. At various times, Taylor stored child pornography in his current and former residences and on his person using computer equipment, storage devices, cameras and other media.

20. The Defendant's distribution and receipt of images or videos was accomplished using a means or facility of interstate or foreign commerce, and in or affecting interstate or foreign commerce, by any means including by computer.

21. On multiple occasions, the Defendant obtained access to the images or videos by viewing them on a computer provided by Taylor. He also received some images and videos through text messages and a thumb drive.

22. On one occasion between in or about October 2014 and on or about April 29, 2015, the Defendant displayed to another person the commercial child pornography he obtained from Taylor on a thumb drive.

23. The visual depictions the Defendant distributed and received were produced using camera equipment, computers, cell phones, and storage media manufactured outside the State of Indiana. The production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of a minor engaged in sexually explicit conduct.

24. The Defendant knew that at least one of the minors in such visual depictions was a minor and knew that the visual depictions were of such minor engaged in sexually explicit conduct.

## COUNT 1

**Distribution and Receipt of Child Pornography and
Conspiracy to Distribute and Receive Child Pornography
18 U.S.C. §§ 2252(a)(2) and (b)(1)
Minor Victims 1 though 12**

25. The General Allegations in Paragraphs 1 through 24 are alleged in this Count.

26. On multiple occasions between in or about March 2011 and on or about April 29, 2015, in the Southern District of Indiana and elsewhere, the Defendant, JARED FOGLE, knowingly distributed and received, and unlawfully conspired to distribute and receive with Russell Taylor and other persons

known and unknown to the United States Attorney, any visual depiction using any means or facility of interstate or foreign commerce or that had been mailed, or had been shipped or transported in or affecting interstate or foreign commerce, or which contained materials which had been mailed or so shipped or transported, by any means including by computer, or knowingly reproduced any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct, that being, one or more images and videos of the Minor Victims listed above, and other minors depicted in commercial child pornography.

All of which is a violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## COUNT 2

**Travel to Engage in Illicit Sexual Conduct with a Minor and Attempting to Travel to Engage in Illicit Sexual Conduct with a Minor**
**18 U.S.C. §§ 2423(b) and (e)**
**Minor Victims 13 and 14**

The United States Attorney further charges that:

27. The General Allegations in paragraphs 4 through 6 are alleged in this Count.

**Definitions**

28. The term "illicit sexual conduct" was defined as any commercial sex act with a person under 18 years of age; or the production of child pornography. 18 U.S.C. § 2423(f).

29. The term "commercial sex act" was defined as any sex act for which anything of value is given to or received by any person. 18 U.S.C. §§ 2423(f) and 1591(e)(3).

30. "Minor Victim 13" and "Minor Victim 14" were girls under the age of 18 years engaged in commercial sex trafficking through an Internet website containing advertisements for erotic services.

**Defendant's Commercial Sexual Activity with Minors**

31. Beginning in or about 2007 and continuing until on or about June 23, 2015, the Defendant repeatedly engaged in Internet social networking and traveled for the purpose of engaging in commercial sexual activity.

32. The Defendant did this using an Internet email account, social networking websites containing advertisements for escorts or erotic services, online messaging services, and text messages. All of these activities used facilities of interstate or foreign commerce.

**Minor Victims 13 and 14**

33. Between in or about 2010 and in or about February 2013, the Defendant traveled from Indiana to New York City in order to engage in

commercial sexual acts with minors under the age of 18 years, including Minor Victim 13 and Minor Victim 14.

34.  On or about November 3, 2012, the Defendant engaged in sexual acts with Minor Victim 13 in exchange for an amount of U.S. Currency. This occurred at the Plaza Hotel, 768 5th Ave, New York, NY, when she was then 17 years of age. The Defendant was a guest at the hotel.

35.  The next day, on or about November 4, 2012, the Defendant sent text messages to Minor Victim 13 offering to pay her a fee if she could find him an underage girl to engage in commercial sex acts with him. During these discussions, the Defendant stated that he would accept a 16 year old girl, while stating that the younger the girl, the better.

36.  On or about December 27, 2012, the Defendant sent text messages to Minor Victim 13 offering again to pay her a fee if she could find him a young minor to engage in commercial sex acts with him. During these discussions, the Defendant stated that he would really make it worth her while if she could find one. The Defendant also provided his email address and asked Minor Victim 12 to send him some pictures of herself to him.

37.  At the Defendant's request, on or about December 27, 2012, Minor Victim 13 sent a message to the Defendant's email account containing three attached images. One of these images showed the nude genitals or pubic area of Minor Victim 13. The Defendant acknowledged receiving these pictures in a

text message and expressed his approval of the content. Minor Victim 13 was then 17 years of age.

38. On or about January 11, 2013, the Defendant engaged in sexual acts with Minor Victim 13 in exchange for an amount of U.S. Currency. This occurred at the Ritz Carlton Hotel, 2 West St, New York, NY, when she was then 17 years of age. The Defendant was a guest at the hotel.

39. The various meetings between the Defendant and Minor Victim 13 were arranged through text messages and Internet communications which provided sexually explicit details and financial terms.

40. Minor Victim 13 provided the Defendant with her true age when they first met and he then knew that she was a minor before her 18th birthday in April 2013.

41. At other times, the Defendant asked Minor Victim 13 to provide him with access to other underage minors for purposes of commercial sexual activity.

### Other Solicitations and Activities

42. Between in or about June 2011 and in or about 2013, the Defendant repeatedly sent text messages to several escorts other than Minor Victim 13 soliciting them to provide him with access to minors as young as 14 to 15 years for purposes of commercial sex acts with him. He did this only

after engaging in commercial sexual acts with the escorts to insure that they were not undercover police officers.

43. The Defendant repeatedly made travel plans in order to have his business trips coincide with his pursuit of commercial sex acts.

44. The Defendant used facilities of interstate commerce to provide his contact information and a telephone number in communications with prostitutes.

### Communications with Non-Prostitutes

45. At various times between in or about 2007 and in or about 2013, the Defendant communicated with several adult women who were not escorts and expressed his desire to engage in sexual acts with young minors. In some cases, he stated that he has done so in the past.

46. Between in or about November 3, 2012, and on or about January 11, 2013, at Zionsville, in the Southern District of Indiana, the Defendant, JARED FOGLE, travelled in interstate commerce, and attempted to do so, for the purpose of engaging in any illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with another person, that being, commercial sexual acts with Minor Victim 13, a minor, and commercial sexual acts with other minors.

All of which is a violation of Title 18, United States Code, Sections 2423(b) and (e).

_____
JOSH J. MINKLER
United States Attorney

STATE OF INDIANA    )
                    ) SS:
COUNTY OF MARION    )

Steven D. DeBrota, being first duly sworn, upon his oath deposes and says that he is an Assistant United States Attorney in and for the Southern District of Indiana, that he makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as he is informed and verily believes.

_____
Steven D. DeBrota
Senior Litigation Counsel

Subscribed and sworn to before me, a notary public, on this 19th day of August, 2015.

_____
Carrie A. Griffin
Notary Public

My Commission Expires:     January 21, 2016

My County of Residence:    Hancock