FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2015 AUG 19 AM 8: 05

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **1:15**-cr-**0159** TWP -MJD |
| | ) |
| JARED FOGLE, | ) |
| | ) |
| Defendant. | ) |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States

Attorney for the Southern District of Indiana, and Steven D. DeBrota, Senior

Litigation Counsel ("the Government"), and the Defendant, JARED FOGLE ("the

Defendant"), in person and by counsel, Jeremy D. Margolis and Andrew

DeVooght, hereby inform the Court that a Plea Agreement has been reached in

this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The

following are its terms and conditions:

### Part 1: Guilty Plea and Charges

1. **Plea of Guilty:** The Defendant will waive his right to indictment by

a grand jury and petition the Court for leave to enter, and then enter, a plea of

guilty to the following offenses charged in the Information:

    **A.** Count 1 which charges that the Defendant committed the

offense of distributing and receiving visual depictions of minors engaging

in sexually explicit conduct, and conspiring with others to do so, in violation of 18 U.S.C. § 2252(a)(2).

**B.** Count 2 which charges that the Defendant traveled in interstate commerce in order to engage in unlawful commercial sexual acts with minors, and attempted to do so, in violation of 18 U.S.C. § 2423(b).

**2. Count 1: 18 U.S.C. § 2252(a)(2)(Child Pornography)**

**A. Potential Penalties**: This offense may be punished by a term of imprisonment of between 60 and 240 months, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for at least five (5) years and up to the life of the Defendant.

**B. Elements of the Offense**: To sustain this offense, the Government must prove the following propositions beyond a reasonable doubt: (1) the Defendant knowingly distributed or received, or conspired to distribute or receive, a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; (2) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; (3) such visual depiction was of a minor engaged in sexually explicit conduct; and (4) the Defendant knew that at least one of the persons in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

3. **Count 2: 18 U.S.C. § 2423(b)(Travel to Engage in illicit Sexual Conduct with Minors)**

    **A.** **Potential Penalties**: This offense may be punished by a term of imprisonment of up to 360 months, a fine of up to $250,000, and a term of supervised release following any term of imprisonment for at least five (5) years and up to the life of the Defendant.

    **B.** **Elements of the Offense**: To sustain this offense, the Government must prove the following propositions beyond a reasonable doubt: (1) the Defendant traveled in interstate commerce; and (2) the Defendant's purpose in traveling in interstate commerce was to engage in a commercial sex act with a minor. A "commercial sex act" means any sex act for which anything of value is given to or received by any person. A "sexual act" means penetration, however slight, of the vulva or anus by the penis; or contact between the mouth and the penis, vulva, or anus; penetration, however slight, of the anal or genital opening of another by a hand, a finger, or any object with an intent to abuse, humiliate, harass, or degrade, arouse or gratify the sexual desire of any person.

### Part 2: General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines

("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty", the Court may impose the same punishment as if the Defendant had plead "Not Guilty", had stood trial and been convicted by a jury.

**5. Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory Sentencing Guideline range applies in this case, or decides to impose a sentence outside of the advisory Sentencing Guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

**6. Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon

the information presently known to the United States Attorney for the Southern District of Indiana.

**7.    No Protection From Prosecution for Unknown or Subsequent Offenses:**  The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this Agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The Defendant further acknowledges and agrees that nothing in this Agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

**8.    Rights Under Rule 11(b), Fed.R.Crim.P.:**  The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy.  The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the

Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

**9.    Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

**A.    Government's Recommendation**: The Government has agreed not to ask for a sentence greater than **151 months of imprisonment**.

**B.    Defendant's Recommendation**: The Defendant has agreed <u>not</u> to ask for a sentence below **60 months of imprisonment**.

**C.    Length of Supervised Release**: Each party may present evidence and arguments concerning the length of the period of supervised release to follow the term of imprisonment.  The parties understand that this period of supervised release may be ordered for a period of **at least five (5) years and of up to the life of the Defendant**.  Each party may present evidence and arguments for a specific period of supervised release in this range.

**10.    Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of

---

[1]18 U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the special conditions of supervised release set forth below, in addition to any other standard and special conditions which the Court deems appropriate in this case.

**11.   Pornography Prohibition:** The Defendant shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in the Defendant's possession shall be considered contraband and may be confiscated by the probation officer. The parties agree that possessing such material would be detrimental to the Defendant's ability to avoid committing child pornography or related sex crimes in the future. The parties also make this recommendation based upon their knowledge of his history and the criminal conduct in this case.

**12.   Sexual Disorders Treatment:** The Defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court should authorize the release of the Presentence Investigation Report and available psychological evaluations to the mental health provider, as approved by the probation officer. The parties agree that such treatment would be beneficial to the Defendant and help him to avoid committing child pornography crimes or related sex crimes in

the future. The parties also make this recommendation based upon their knowledge of his history and the criminal conduct in this case.

**13.   No Unsupervised Meetings or Communications with Minors:** The Defendant shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to and approved by the probation officer. In determining whether to approve such activities involving members of the Defendant's family, the probation officer shall determine if the Defendant has notified the persons having custody of any such minors about the conviction in this case and the fact that the Defendant is under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent approval of the activity. The parties agree that this condition is appropriate based upon the Defendant's history and criminal conduct in this case. This condition is also intended to protect the public.

**14.   Activity Restriction:** The Defendant shall not be employed in any positon, or participate as a volunteer in any activity, that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the Probation Officer and approved by the Court. The parties agree that this condition is appropriate based upon the Defendant's history and offending in this case. This condition is also intended to protect the public.

15. **Sex Offender Registration:** The Defendant shall register as a sex offender with the appropriate authorities of any state in which the Defendant resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. §16913, et seq. The parties agree that this condition is appropriate based upon the Defendant's history and offending in this case. It is also required by sex offender registration laws.

16. **Consent to Searches:** The Defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems, telephones and Internet enabled devices, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the Defendant. Other law enforcement may assist as necessary. The Defendant shall submit to the seizure of contraband found by the probation officer. The Defendant shall warn other occupants the premises may be subject to searches. The parties agree that this condition is appropriate based upon the Defendant's history and criminal conduct in this case. This condition is also intended to protect the public and reduce the chance the Defendant will commit future crimes.

17. **Computer Monitoring:** The Defendant shall consent, at the direction of the probation officer, to having installed on the Defendant's computers, telephones, electronic devices, and any hardware or software, systems to monitor his use of these items. Monitoring will occur on a random

and/or regular basis. The Defendant will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, the Defendant shall disclose in advance of any use of all cellular phones, electronic devices, computers, and any hardware to the probation officer and may not access or use any undisclosed equipment. The parties agree that this condition is appropriate based upon the Defendant's history and criminal conduct in this case. This condition is also intended to protect the public and reduce the chance the Defendant will commit future crimes.

**18.    DNA Sample:** The Defendant shall provide a DNA sample as directed by the probation officer. The parties agree that this condition is required by federal law and is appropriate based upon the Defendant's history and offending in this case. This condition is also intended to protect the public and reduce the chance the Defendant will commit future crimes.

**19.    Modification of Conditions:** The parties understand and agree that the facts and circumstances of this case, including the Defendant's history, show that these terms should last for the entire term of supervised release. However, the parties understand that the Defendant may petition the Court to modify these conditions as described in 18 U.S.C. § 3583, and the final decision to modify such terms would lie with the Court.

**20.    No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and

conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 4: Financial Conditions

21. **Mandatory Special Assessment:** The Defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

22. **Fine:** Both parties reserve the right to present evidence and argument concerning the amount of the fine. However, the government will not ask for a fine greater than that provided by the advisory fine range provided in the Sentencing Guidelines and determined by the Court.

23. **Restitution:** The parties understand that federal law requires restitution to the minor victims in the offenses charged in Counts 1 and 2, who were the victims in the relevant child pornography or were victims of travel for commercial sex with minors.

24. **$1,400,000 in Agreed Amount:** The Defendant will pay $100,000 each to Minor Victim 1 through Minor Victim 14, for a total of $1,400,000 in agreed restitution. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

25. **Other Presently Unidentified Victims:** The parties understand that the Government has not yet determined through its investigation whether

any other victim(s) in the relevant child pornography or were victims of travel for commercial sex with minors can be identified or will seek such restitution.

**26.  Payment Terms:**  To make restitution payments, the Defendant agrees to deposit in his counsel's client trust account the full amount of restitution within two business days of the filing of this agreement ($1,400,000).  These funds will then be distributed within 10 days thereafter or as later directed by the Court.  The parties intend to distribute these funds to Minor Victim 1 through Minor Victim 14 during the initial 10 day period as soon as appropriate arrangements can be made to accomplish such payments and protect the victims from any potential misuse of such funds.

**27.  Amount of Fine:**  The Government agrees to consider the amount of restitution paid in making its fine recommendation.  However, the Government retains the right to determine what effect, if any, the amount of restitution may have in its recommendation.

**28.  Other Claims:**  Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution.  However, at the present time, the Government does not have any such victims presently identified.

**29.  Forfeiture:**  The Defendant agrees to forfeit $50,000 to the United States on the date of sentencing as a substitute for the seizure of the vehicles, personal property or other assets he used in connection with these offenses.

**30.**  **Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  The Defendant would have a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution imposed by the Court.

## Part 5:  Factual Basis for Guilty Plea

**31.**  The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea(s) of guilty to the offense(s) set forth in Paragraph 1, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to a jury trial.

**32.**  **Count 1:**  On multiple occasions between in or about 2011 and in or about April 2015, the Defendant received visual depictions of numerous minors engaging in sexually explicit conduct from Russell Taylor.  The

Defendant knew that the minors depicted in these images or videos were under the age of 18 years. He also knew Taylor's relationship or association with such minors, including in many instances, their actual names. In some cases, the Defendant met the minors during social events in Indiana.

33. The Defendant and Taylor discussed among themselves the fact that Taylor was secretly producing sexually explicit images and videos of minors in Taylor's current and former residence in the Southern District of Indiana. The Defendant chose to benefit from such production by obtaining access to a significant amount of such material over the time period. If the Defendant had promptly reported what he knew of these activities, then the sexually explicit material involving later victims would not have been produced. However, the Defendant did not obtain access to all of the material Taylor produced.

34. None of the minors in the images or videos were aware that they were being filmed. Rather, the images or videos were produced using multiple hidden cameras set up in Taylor's residences. Taylor also obtained and provided the Defendant with child pornography obtained through Internet sources which may be classified as commercial material produced by other persons. The unidentified victims in these images and videos were as young as approximately six years of age. During the investigation, the child pornography was recovered during a search of Taylor's Indianapolis residence, where it was found in computer equipment, storage devices, cameras and other media analyzed by the Cybercrime Section of the Indiana State Police.

**35.** All of the images and videos included a lascivious exhibition of the genitals or pubic area of the relevant minor, while some material also included other sexually explicit conduct depending upon the minor involved.

**36.** The Defendant's distribution and receipt of images or videos was accomplished using a means or facility of interstate or foreign commerce, and in or affecting interstate or foreign commerce, by any means including by computer. On one occasion, the Defendant displayed the child pornography to another person.

**37.** On multiple occasions, the Defendant obtained access to the images or videos by viewing them on a computer provided by Taylor. He also received some images and videos through text messages and a thumb drive.

**38.** The visual depictions were produced using camera equipment, computers, cell phones, and storage media manufactured outside the State of Indiana.

**39.** The production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of a minor engaged in sexually explicit conduct.

**40.** The Defendant knew that at least one of the minors in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

**41.** **Count 2**: Between in or about 2010 and in or about February 2013, the Defendant traveled from Indiana to New York City in order to engage in commercial sexual activity with minors under the age of 18 years, including

Minor Victims 13 and 14. He repeatedly asked Minor Victim 13 and several other persons to provide him with access to minors as young as 14 years for purposes of commercial sex acts with him.

**42.**     The Defendant engaged in sexual intercourse with Minor Victim 13 in exchange for an amount of U.S. Currency. This occurred at the Plaza Hotel in New York City on or about November 4, 2012 when she was then 17 years of age.

**43.**     In or about January 2013, the Defendant engaged in sexual intercourse with Minor Victim 13 in exchange for an amount of U.S. Currency. This occurred at the Ritz Carlton Hotel in New York City when she was then 17 years of age.

**44.**     In an interview with the investigating agents, Minor Victim 13 reported that, before November 2012, the Defendant engaged in commercial sex acts with her on three occasions in New York City when she was approximately 16 years of age.

**45.**     The meetings between the Defendant and Minor Victim 13 were arranged through text messages and Internet communications which provided explicit details in each instance. Records of these activities were found in text messages, travel records, images, and hotel records obtained through the investigation, include the search of the Defendant's Zionsville, Indiana residence.

**46.**     During the investigation, Minor Victim 13 identified the Defendant as being the person engaging in the activities during an interview by the

investigation agents. Her cellular phone was also found to contain the Defendant's contact information and relevant communications. She indicated that she discussed her true age with the Defendant during their meetings and that he then knew that she was a minor. In addition, at various times, the Defendant asked her to provide him with access to other underage minors for purposes of commercial sexual activity.

47.     In an interview with the investigating agents, Minor Victim 13 stated that the Defendant also engaged in sexual intercourse with Minor Victim 14 in exchange for an amount of U.S. Currency. This occurred at a hotel in New York City when Minor Victim 14 was then approximately 16 years of age.

48.     During the investigation, the Government obtained information and audio recordings from witnesses in Florida, Georgia, and Washington State showing that the Defendant repeatedly discussed with them his interest in engaging in commercial sex acts with minors or stated that he has done so in the past. The recordings were produced beginning in or about 2007 and continuing thereafter.

49.     During the investigation, the Government obtained information from text messages and other documents in the Defendant's cellular phones that he repeatedly discussed with numerous prostitutes in other places, including Richmond, Virginia; Kansas City, Missouri; and Las Vegas, Nevada, his interest in paying them a finder's fee to provide him with access to minors for commercial sex acts. He did this only after engaging in commercial sex acts with these prostitutes and knowing that they were not police officers.

**50.** **Summary:** The information provided above is only a summary of the Government's evidence and it reserves the right to present any additional evidence at the time of sentencing. This Plea Agreement is not intended to foreclose the presentation of such evidence.

### Part 6: Other Conditions

**51.** **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**52.** **Good Behavior Requirement:** The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**53.** **Compliance with Federal and State Laws:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

**54.** **Proffer Agreement:** Nothing in this Plea Agreement supersedes or removes any provision or protection contained in the Defendant's Proffer Agreement, including the government's ability to use the information derived

directly or indirectly from the proffer session in the event of a breach or a rejection of the plea agreement.

### Part 7: Sentencing Guidelines

**55.  Guideline Computations:**  The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses.  The parties have discussed this computation, but have not agreed upon the advisory calculation.  They agree that the Court will make this determination.

**56.  Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

## Part 8:  Waiver of Right to Appeal

**57.**  **Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The Defendant further agrees that in the event the Court sentences the Defendant to **151 months of imprisonment or any lesser term**, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**58.**  **Collateral Attack:**  Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and

explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the Defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the Defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

59. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 9: Presentence Investigation Report

60. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

61. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel,

the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Part 10: Immigration Consequences

62.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

## Part 11:  Statement of the Defendant

63.     By signing this document, the Defendant acknowledges the following:

A.      I have received a copy of the Information and have read and discussed it with my attorneys.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider

as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

**B.**   I have told my attorneys the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorneys are fully informed as to all such matters. My attorneys have since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**C.**   I have read the entire Plea Agreement and discussed it with my attorneys.

**D.**   I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**E.**   Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me

personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**F.**  I am fully satisfied with my attorneys' representation during all phases of this case. My attorneys have done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**G.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**H.**  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

**I.**  I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**J.**  My attorneys have informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.**  My attorneys have informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-

judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.**     No trial date of this cause has yet been scheduled.  However, I request that any such date be continued to permit the Court to consider this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12:  Certificate of Counsel

**64.**     By signing this document, the Defendant's attorneys and counselors certify as follows:

**A.**     We have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

**B.**     To the best of our knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.**     The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with our understanding of the facts as related to us by the Defendant and is consistent with our advice to the Defendant;

**D.** In our opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and we recommend to the Court that the waiver be accepted by the Court;

**E.** In our opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and we recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

### Part 13: Final Provision

**65.** **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

Steven D. DeBrota
Senior Litigation Counsel

Joe H. Vaughn
First Assistant United States Attorney

Jared Fogle
Defendant

Jeremy B. Margolis
Counsel for Defendant

Andrew DeVooght
Counsel for Defendant

Aug 19, 2015
DATE

9.19.15
DATE

Aug 19 2015
DATE

Aug 19, 2015
DATE

Aug 19, 2015
DATE

27