UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cr-00159-TWP-MJD |
| ) | |
| JARED S FOGLE, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR AMICUS CURIAE

This matter is before the Court on Scott Petrie's ("Petrie") *pro se* Motion for Amicus Curiae. (Filing No. 24). Petrie, a prisoner at the United States Penitentiary in Tucson, Arizona request leave to file an amicus curiae brief to oppose the proposed plea agreement between the Government and Defendant, Jared Fogle.

Neither the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure, nor the local rules of this District address participation of amicus curiae at the trial court level. However, such participation in uncommon. The granting or denial of an application to intervene as amicus curiae lies wholly within the discretion of the trial court, and is not reviewable. *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir.1953); *see also Clay v. Scibana*, No. 04–C–631–C, U.S. Dist. WL 2110745, at *1 (W.D. Wisc. Sept. 20, 2004) (motion of Federal Corrections inmate to appear as amicus curiae denied).

The Court has broad discretion in deciding whether to permit amicus curiae participation, and allowing the filing of an amicus curiae brief is a matter of "judicial grace." *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir.2003) (quoting *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir.2000)); *see also McCarthy v. Fuller*, No. No.

1:08–cv–994–WTL–DML, 2012 U.S. Dist. WL 1067863, at *1 (S.D. Ind. March 29, 2012) (motions of two non-parties requesting leave to file amicus curiae briefs denied, using principals of evaluation under Federal Rule of Appellate Procedure 29).

In the Seventh Circuit, the criterion for deciding whether to permit the filing of an amicus brief should be the same, regardless of who a would-be amicus curiae is: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs. See *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (C.A.7 2003). The criterion is more likely to be satisfied in a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide. *National Organization for Women, Inc. v. Scheidler, supra,* 223 F.3d at 616-17; *Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir.1997); *Georgia v. Ashcroft,* 195 F.Supp.2d 25, 32 (D.D.C.2002).

Here, the parties are properly represented and fully capable of making arguments for the Courts consideration. Petrie's interest in this lawsuit is merely to see that the Defendant receives the maximum penalty allowable under the law. He has not explained why his participation in this case would provide a unique perspective and he does not intimate any facts that would aid the Court in its consideration of a change of plea or sentencing. Furthermore, allowing Petrie to participate in this case as would pose an additional burden on the Court and possibly the parties, who may deem it necessary to respond to his brief. In its discretion, the Court **DENIES** Petrie's Motion for Amicus Curiae. (Filing No. 24).

SO ORDERED

Date: 10/23/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Scott Petrie, #18868-052
United States Penitentiary, Tucson, Arizona
Post Office Box 24550
Tucson, Arizona 85734

Ronald E. Elberger
BOSE MCKINNEY & EVANS, LLP
relberger@boselaw.com

Andrew DeVooght
Loeb & Loeb LLP
adevooght@loeb.com

Jeremy Margolis
Loeb & Loeb LLP
jmargolis@loeb.com

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov